Charles Talbert          United States District Court
No. QA4727          Middle District of Pennsylvania
SCI. Camp Hill
P.O. Box 8837
2500 Lisburn Road
Camp Hill, Pa. 17001                    September 11, 2021

                                             FILED
                                             HARRISBURG, PA

       Charles Talbert
          vs.                              No.                SEP 28 2021
Department of Corrections; John Wetzel;    Civil Action
Laurel Harry; Rodney Carberry; Officer           PER [signature]
Benning; Beth Herb; Theodoor Voorstad.     Complaint      DEPUTY CLERK

Plaintiff Charles Talbert brings forth this civil matter pursuant to 42 USCS 1983 and violations of his Constitutional rights and laws of the United States. Plaintiff seeks monetary damages against Defendants in their personal capacity, and seeks an emergency injunction against Defendants in their official capacity.

Parties:

1. Plaintiff is an adult individual and citizen of the United States.
2. Department of Corrections (DOC), is an executive agency of the Commonwealth of Pennsylvania.
3. John Wetzel, is the Secretary of the DOC.
4. Laurel Harry, is the Superintendent of SCI-CampHill.
5. Rodney Carberry, is the Classification Treatment Manager at Camp Hill.
6. Officer Benning, is the Level 5 Housing Unit Property Officer at CampHill.
7. Beth Herb, is the Health Care Administrator at CampHill.
8. Theodoor Voorstad, is a contracted Medical Doctor at CampHill.

Retaliation Claims:

9. On or about July 13, 2021, Plaintiff filed a lawsuit in this Court against Defendant Wetzel and other DOC staff members to which service was effectuated on or before August 16, 2021.
10. On August 16, 2021, Plaintiff was transferred from SCI. Dallas, to CampHill, with all 6 boxes of legal materials and publications, that was in his previous level 5 housing cell.
11. Upon admission into CampHill, Dallas officers informed Defendant Benning that

Plaintiff had represented himself in State and Federal Court against the DOC, and thus, required to have immediate access to all of his legal property in his cell.

12. However, although policy demands for Plaintiff to have all of his property to be inventoried upon admission with the officer, Benning had wheeled Plaintiffs property from out of the receiving room into an unknown area.

13. Plaintiff was then taken to the level 5 Housing Unit at Camp Hill and assigned a cell to temporary reside in without his legal property.

14. On August 18, 2021, Benning had informed Plaintiff, personally, that he would not be giving Plaintiff his property due to his lawsuits filed against the DOC.

15. Plaintiff had began a hunger strike because of Bennings unlawful seizure of his legal property and publications.

16. While in the level 5 housing unit, Plaintiff had submitted a request to Defendant Harry, asking for her to direct Benning to return his legal materials and publications.

17. However, Harry turned a blind eye, and condoned Bennings unlawful and unconstitutional actions and omissions.

18. On or about August 19, 2021, Plaintiff was taken to the infirmary unit after refusing water and 9 meals, so that he could be medically observed.

19. Since this is a medical infirmary unit, Plaintiff was denied all access to the grievance system that other areas of Camp Hill possess, therefore, Plaintiff was unable to file any more grievances or appeals.

20. Also, on numerous occasions, DOC staff members had threatened to use force against Plaintiff, and destroy his property, should he file any more grievances, which detered Plaintiff from doing so.

21. On or about September 8, 2021, Harry had came to speak with Plaintiff and informed him that due to his lawsuits against the DOC, that he would not receive his legal materials and publications.

22. On or about September 9, 2021, after reading and going through all of Plaintiffs legal confidential property, Defendants Benning and Carberry had intentionally gave Plaintiff a box of legal records that went to a settled case, to which was of no use to the ones still pending against the DOC.

23. Also, Benning and Carberry refused to give Plaintiff any of his stamped envelopes and writing tablets to draft legal documents and mail them out.

24. As a proximate result of the aforesaid acts and omissions, Plaintiff had been subject to:

A. intentional interference between him and the Courts.

B. inability to inform the Courts of his new address.

C. inability to reach deadlines or respond to other filings.

D. inability to litigate pro se and protect his interest.

E. deprived of meaningful access to the Court.

25. Said Defendants are also in direct contempt of valid Court orders that directed them to return his property.

26. The said Defendants have caused Plaintiff to suffer from emotional distress, mental anguish, and psychological torture.

Medical Claims:

27. Plaintiff suffers from the following serious medical conditions:

A. digestive disability due to loss of large intestine.

B. lower-back muscle spasms due to herniated disc.

28. On August 20, 2021, Defendant Voorstad had sent Plaintiff to Holy Spirit Hospital due to fainting from lack of fluids and food.

29. While at the hospital, a medical doctor by the name Peter J. Patitsas, had properly used medical judgment, under the standard of care prevailing in the community. After several diagnostic tests were taken, and medical history reviewed, and in so doing, established an adequate course of individualized treatment for Plaintiff which consisted of:

A. An order for Flexeril muscle relaxants for the mitigation of Plaintiffs ongoing and unpredictable lower back muscle spasms.

B. instructions to provide Plaintiff with twice the normal portion of food ongoing to be able to retain nutrients, since, when after he consumes a meal, he defecates immediately, leaving close to nothing in his bowel to feel full.

30. However, upon return to Camp Hill, Defendants Voorstad and Herb had refused to honor the hospitals aforesaid treatment orders, ultimately depriving him of treatment without any medical reasoning.

31. Voorstad and Herb refused to review Plaintiffs medical history and prior treatment that was deemed effective.

31. Voorstad and Herb failed to treat Plaintiffs bowel and lower back conditions in a manner in accordance with community standards.

32. As a proximate result of Voorstad and Herb's acts and omissions, Plaintiff was subject to:

    A. pain and suffering.

    B. starvation.

    C. excruciating muscle spasms.

    D. emotional distress, mental anguish, and physical and psychological torture.

Fraud Claims:

33. The Defendant DOC has a legal obligation to carry out State sentences ordered upon inmates to which they confine.

34. The DOC is also responsible for the rehabilitation of these inmates, so that, when they return back to society, that they will become productive citizens.

35. Defendant Wetzel, as the Secretary for the DOC, receives both State and Federal funding to accomplish programs for all inmates to be a part of in order to help them become rehabilitated before they are released back into society.

36. However, the DOC and Wetzel has established and maintained a widespread practice of:

    A. misappropriating State and Federal funding by depriving all inmates within the DOC access to these programs to which the funds were appropriated for.

    B. failing to uphold their obligation to carry out State sentences by depriving inmates access to programs to which they were originally sentenced to.

    C. failing to uphold their obligation to rehabilitate inmates by intentionally and maliciously mistreating, harassing, oppressing, and degrading them, to such a degree that inmates suffer from post traumatic stress and ultimately cause them to be released into society and continue their criminal activities.

37. The DOC and Wetzel maintains the aforesaid practice for reasons of being able to continue to receive funds by keeping inmates psychologically impaired and imprisoned instead of rehabilitating inmates and emptying out its prisons.

38. The more mistreated the inmate becomes, the more chance that he will return to society and take the pain out on someone else.

39. As a proximate result of the aforesaid acts and inactions, Plaintiff was deprived equal access to programs to help rehabilitate himself, and deprived of programs that his sentencing court had ordered for him to receive while incarcerated.

40. By reason of the aforementioned, Plaintiff suffered from:

A. pain and discomfort from stress to the heart.

B. migraine headaches.

C. emotional distress and mental anguish.

D. psychological torture.

## Count One · First Amendment · Retaliation:

41. Plaintiff repeats and realleges paragraphs 1 to 40.

42. As aforesaid, the DOC, Harry, Carberry, and Benning, after the filing of lawsuits against the DOC, had retaliated against Plaintiff by taking his legal materials and publications.

43. The taking of Plaintiffs property and additional threats and actions of DOC staff members, detered him from seeking any internal relief, thus requiring intervention from the court.

WHEREFORE, Plaintiff demands judgment against the DOC, Harry, Carberry, and Benning for an amount in excess of $75,000, punitive damages, fees, costs, and an emergency injunction and temporary restraining order.

## Count Two · First Amendment · Access To The Court:

44. Plaintiff repeats and realleges paragraphs 1 to 43.

45. As aforesaid, upon admission, and up until present date, Harry, Benning, and Carberry had intentionally and recklessly deprived Plaintiff access to the court by way of interfering with ongoing litigation in State and Federal Court; confiscating legal and reference materials; depriving him of his envelopes and writing tablets; and depriving him access to DOC legal services, which caused him to miss deadlines and the inability to respond to other documents in a timely matter.

WHEREFORE, Plaintiff demands judgment against Harry, Benning, and Carberry for an amount in excess of $75,000, punitive damages, fees, costs, and an emergency injunction and temporary restraining order.

Count Three - Fourth and Fourteenth Amendment - Unlawful Seizure:

46. Plaintiff repeats and realleges paragraphs 1 to 45.

47. As aforesaid, Defendants Harry, Carberry, and Benning had unreasonably seized from Plaintiff all of his legal materials and publications without returning them.

48. The taking and withholding of Plaintiffs property was done without any process being afforded to him.

49. Plaintiff has a liberty interest in possessing all of his legal and reference property and publications in order to have meaningful access to the Court and represent himself.

50. The taking of Plaintiffs property was arbitrary and without any legitimate governmental objective, except to hinder Plaintiffs ability to represent himself against the DOC.

WHEREFORE, Plaintiff demands judgment against Harry, Carberry, and Benning, for an amount in excess of $75,000, punitive damages, costs, fees, and an emergency injunction and temporary restraining order.

Count Four - Eighth Amendment - Deliberate Indifference:

51. Plaintiff repeats and realleges paragraphs 1 to 50.

52. As aforesaid, Plaintiff suffers from serious digestion and lower back conditions.

53. Hospital staff appropriately examined, diagnosed, and provided an individual-ized treatment plan for Voorstad and Herb to follow for Plaintiffs afore-said serious medical conditions.

54. As a result of the deliberate indifference, Plaintiff was left to suffer from pain, starvation, malnutrition, severe excruciating lower back muscle spasms, awkward mobility, and psychological torture.

WHEREFORE, Plaintiff demands judgment against Voorstad and Herb for an amount in excess of $75,000, punitive damages, costs, fees, and an emergency injunction and temporary restraining order.

Count Five - Fraud:

55. Plaintiff repeats and realleges paragraphs 1 to 54.

56. As aforesaid, the DOC and Wetzel seeks State and Federal funding on the appearance of using such funding for programs to better inmates in aid of them becoming rehabilitated before entering society again.

57. The State and Federal government, as well as the taxpayers, are made to believe that such funds are being used for the purpose to which the DOC and Wetzel represents, so that when inmates are released, the public is safe.

58. However, the DOC and Wetzel, after receiving these funds, engages in poor supervisory practices over their subordinates, allowing them to mistreat, assault, harass, and oppress inmates, to the point that rehabilitation cannot be accomplished.

59. The inmate only becomes worse off than how he came into the DOC, where the DOC and Wetzel becomes enriched from the government and taxpayers money, while the public is put back at risk from inmates upon their release due to psychological damage that occurred over a long period of time to which they were sentenced.

60. The DOC and Wetzel's main objective is to keep up this fraud so that inmates return, and thus, allow them to keep being unjustly enriched from the government and taxpayers hard earned money.

WHEREFORE, Plaintiff demands judgment against the DOC and Wetzel for an amount in excess of $75,000, punitive damages, costs, fees, and an emergency injunction and temporary restraining order.

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

Charles Talbot

September 11, 2021

Charles Talbert
No. QA4727
SCI. Camp Hill
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA. 17001                    September 11, 2021


Office of the Clerk
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

FILED
HARRISBURG, PA

SEP 2 8 2021

PER_____
DEPUTY CLERK

Re: Civil Complaint

Dear Clerk of Court:

Enclosed herein please find a true copy of the following:

1. Summons.
2. Complaint.
3. Declaration.
4. Exhibit - Medical (Hospital) Record.
5. Application for Ex Parte Injunction and Temporary Restraining Order.
6. Motion for Preliminary Injunction and Temporary Restraining Order.

Also, please find a check payable to the "U.S. Clerk of Court", in the amount of $402.00 for the filing of this case and for administrative fees. Please send notice in return (docket) once this matter has been deemed filed. Thank You!

Yours Truly,

Charles Talbert

Charles Talbert
QA4727
SCI. Camp Hill
PO Box 8837
2500 Lisburn Road
Camp Hill, PA. 17001

INMATE MAIL

U.S.P

ZIP 1
02 4
0000

LEGAL
MAIL

**RECEIVED**
HARRISBURG, PA

SEP 28 2021

PER _____

DEPUTY CLERK

To: Office of the Clerk
U.S. Courthouse
Middle District
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM.

104830

**STATE CORRECTIONAL INST AT**
**CAMP HILL INMATE GENERAL**
PO BOX 8837
CAMP HILL, PA 17001-8837

PNC Bank, N.A.    040

60-1273/313
106
CHECK ARMOR
FRAUD PROTECTION

9/16/2021

Details on Back.

PAY TO THE
ORDER OF ___ Clerk of Courts                                                                                    $ **402.00

Four Hundred Two and 00/100******************************************************************************************* DOLLARS

Clerk of Courts

VOID AFTER 60 DAYS

VOID
VOID

MEMO
44962 QA-4727 Talbert

AUTHORIZED SIGNATURE

MP
HEAT SENSITIVE

Security Features Included

⑈104830⑈ ⑈031312738⑈ 5140049191⑈