Charles Talbert
No. QA4727
SCI. Camp Hill
2500 Lisburn Road
Camp Hill, Pa. 17001

October 13, 2021

United States District Court for the Middle District of Pennsylvania

Charles Talbert
vs.
Department of Corrections;
John Wetzel; Margaret Gordon;
Laurel Harry; Brad Ritchey;
Officer Benning; Beth Herb;
Theodoor Voorstad.

No. 21-CV-1669

Honorable Judge Mannion

Amended Complaint

RECEIVED
SCRANTON
OCT 18 2021
PER _____ 
DEPUTY CLERK

Plaintiff, Charles Talbert, hereby files this amended civil action against state actors under 42 USCS 1983 and Title II of the Americans With Disabilities Act. Plaintiff seeks monetary relief against Defendants in their personal capacity, and equitable relief against Defendants in their official capacity.

1. Plaintiff, is an adult individual, currently at SCI. Camp Hill.
2. Department of Corrections (DOC), is an executive agency of the Commonwealth of Pennsylvania.
3. John Wetzel, at the time of occurrence, was the Secretary of the DOC.
4. Margaret Gordon, is the Dietary Management Services Specialist for the DOC.

5. Laurel Harry, is the Superintendent at Camp Hill.
6. Brad Ritchey, is the Unit Manager of the Level 5 Housing Unit at Camp Hill.
7. Officer Benning, is the Property Officer of the Level 5 Housing Unit at Camp Hill.
8. Beth Herb, is the Corrections Health Care Administrator at Camp Hill.
9. Theodoor Voorstad, is a Contracted Medical Doctor at Camp Hill.

Retaliation Claim:

10. On or about July 13, 2021, Plaintiff filed a civil case against the DOC in this Court under docket no. 21-CV-1231.
11. On or about August 16, 2021, approximately 30 days after filing the aforesaid lawsuit against the DOC, Plaintiff was transferred to Camp Hill with 6 boxes of legal and reference materials, and publications, to which he used for litigation for the aforesaid lawsuit and other civil matters to which he represents himself in.
12. The officers from SCI.Dallas, upon Plaintiffs transfer into Camp Hill, informed Defendant Benning that Plaintiff represented himself against the DOC, and that all 6 boxes of aforesaid property was in his cell so that he could effectively litigate.
13. However, Benning had confiscated all of Plaintiffs aforesaid property, without inventorying it, and after seizing it, had placed it in an unknown location.
14. On or about August 18, 2021, Benning had informed Plaintiff that, due to his lawsuits against the DOC, he wouldn't receive

his aforesaid property.

15. On or about September 8, 2021, Defendant Harry had come to see Plaintiff, and after being informed of Bennings actions, aforesaid, had turned a blind eye and condoned the unlawful seizure of Plaintiffs legal materials and publications.

16. On or about October 1, 5, 6, and 13, 2021, Defendant Ritchey had also informed Plaintiff that, due to his lawsuits against the DOC, and until he withdrew them, he would not receive his aforesaid legal materials and publications.

17. On October 7, 2021, Benning had informed Plaintiff the he would be keeping the legal materials that Plaintiff had sought and paid over $100.00 for from the law library.

18. On October 13, 2021, Ritchey had been informed, again, of Bennings aforesaid actions, yet, reiterated his previous threat if Plaintiff wouldn't drop the lawsuits.

19. As a proximate cause of Harry, Benning, and Ritchey's acts and omissions, aforesaid, Plaintiff:

   A. had been deprived of his First Amendment right to have access to reading materials.

   B. was hindered in his First Amendment right to have meaningful access to the Court.

   C. suffered from intentional infliction of emotional distress, mental anguish, and aggravation to his preexisting mental health conditions.

   D. had been deprived of his Fourteenth Amendment right by having his legal materials and publications taking away, in an arbitrary and capricious matter, without being afforded due process.

20. As a result of Plaintiff filing his aforesaid lawsuit against the DOC, Harry, Benning, and Ritchey retaliated by withholding his aforesaid property, and confiscated legal materials that were sent to Plaintiff from the law library that was paid for.

WHEREFORE, Plaintiff demands judgment against Defendants Harry, Ritchey, and Benning for violations of his First and Fourteenth Amendment Constitutional rights, for an amount in excess of $100,000.00, punitive damages, costs, fees, and a preliminary injunction.

Health Care Claims:

21. Plaintiff has been diagnosed and treated for more than 10 years with:
    A. A faulty digestive system due to the surgical removal of his colon, which causes food nutrients to not properly absorb into his system unless being fed in proper quantative portions.
    B. excruciating lower-back muscle spasms, caused by a herniated disc.
22. Defendants DOC, Wetzel, and Gordon are constitutionally obligated to establish and maintain policies and procedures for all inmates to receive therapeutic diets that are medically appropriate for the inmates needs.
23. However, the DOC, Wetzel, and Gordon, has failed to establish a policy or procedure, for inmates with serious digestive medical conditions, such as Plaintiffs, to receive therapeutic diets, like all other inmates with serious medical conditions receive.

24. On or about August 20, 2021, Plaintiff had went to Holy Spirit Hospital in Camp Hill, Pennsylvania, and after being properly evaluated, diagnosed, and treated, the treating physician had instructed Defendants Herb and Voorstad to provide Plaintiff with both:
    A. Flexeril muscle-relaxants for his aforesaid chronic and acute lower back muscle spasms.
    B. "double portions" of food ongoing to ensure that he retained proper nutrition.
25. However, Herb, Voorstad, and Gordon had knowingly and gross negligently failed to honor the Hospitals orders, and in so doing, deprived Plaintiff of a medically prescribed, and a medically required therapeutic double portion diet.
26. Voorstad and Gordon and Herb had failed to provide Plaintiff the aforesaid prescribed diet for no medical reasoning.
27. Voorstad and Herb had failed to provide Plaintiff his prescribed Flexeril muscle relaxants for no medical reasoning, and due to this specific medication allegedly not being part of the DOC's formulary list of medications.
28. As a proximate result of the DOC, Wetzel, Gordon, Herb, and Voorstad's aforesaid acts and omissions, Plaintiff:
    A. was denied equal access to therapeutic food diets as others similarly situated in violation of his Fourteenth Amendment Constitutional right.
    B. was denied equal access to food services in violation of Title II of the Americans with Disabilities Act.
    C. was discriminated against on account of his digestive disability.
    D. was denied access to prescribed treatment in violation

of his Eighth Amendment Constitutional right.
E. suffered, and continues to suffer from unnecessary excruciating muscle spasms, along with hunger pain and malnutrition.
F. Aggravation to his preexisting mental health issues, mental anguish, and intentional infliction of emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants DOC, Wetzel, Gordon, Herb, and Voorstad, for violations of Title II of the Americans with Disabilities Act, and the Eighth Amendment, for an amount in excess of $100,000.00, punitive damages, costs, fees, and a preliminary injunction.

Preliminary Injunction:

For the reasons set forth herein, Plaintiff respectfully requests for this Honorable Court to:

A. direct Defendant Harry to return to Plaintiff all of his protected legal materials, reference materials, and publications.
B. direct Herb to have Camp Hill medical staff comply with Holy Spirit Hospital and provide Plaintiff with a prescription for Flexeril to relieve his spasms, and double portions each meal for him to retain all of his nutrients.

I verify under penalty of perjury that the statements herein are true and correct.

October 13, 2021                                   Charles T. Albert

Charles Talbert
QA4727
SCI Camp Hill
2500 Lisburn Rd.
Camp Hill, PA. 17001

LEGAL

INMATE MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 17011 $ 000.20⁰
02 4W
0000375947 OCT 14 2021

U.S. Clerk of Court
U.S. Courthouse
Middle District
235 N. Washington Ave.
Scranton, PA. 18501

RECEIVED
SCRANTON
OCT 18 2021
PER_____
DEPUTY CLERK

Inmate Mail - PA DEPT. OF CORRECTION

18501350001 C770