UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES TALBERT              :       NO.: 21-CV-1669

      v.                       :

DEPARTMENT OF CORRECTIONS, :
et al.

BRIEF IN SUPPORT OF DEFENDANT, THEODOR VOORSTAD, MD'S,
MOTION TO DISMISS THE AMENDED COMPLAINT (DOC. 13-1) OF
PLAINTIFF, CHARLES TALBERT, FOR FAILURE TO STATE A CAUSE OF
<u>ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>

I.     <u>PROCEDURAL HISTORY</u>

     Charles Talbert ("Talbert"), initiated this action on September 28, 2021 by

filing a Complaint. (Doc. 1).  The Complaint is against Theodor Voorstad, MD

("Dr. Voorstad") and several Department of Corrections related defendants. Dr.

Voorstad filed a Motion to Dismiss the Complaint. On December 9, 2021, the

Court granted Talbert's Motion to Amend the Complaint. A copy of the Amended

Complaint is attached as Exhibit "A.

     Talbert alleges a violation of his constitutional rights and seeks damages for

inadequate medical care that he claims rose to the level of deliberate indifference.

He claims that he is not receiving more food than other inmates and not receiving

Flexeril. He believes Dr. Voorstad violated the Americans with Disability Act,

was deliberately indifferent to his medical care and violated the 14th Amendment

Equal Protection Clause. See Amended Complaint, Exhibit "A".

     Dr. Voorstad now files this Brief in support of his Motion to Dismiss

Talbert's Amended Complaint. Given the nature of the evidence, portions of the

Motion should be considered a Motion for Summary Judgment.

II.     STATEMENT OF THE FACTS[1]

Talbert contends that he should have received different care for his lower back pain and irritable bowel issues. Talbert's contends that on August 20, 2021, he was sent to Holy Spirit Hospital. He states that a physician gave him orders to have Flexeril and twice the normal portion of food. Exhibit "A", paragraph 24. When he returned from the hospital, Dr. Voorstad would not give him the recommended Flexeril or twice the normal portion of food. Exhibit "A", paragraphs 25-27.

He claims Dr. Voorstad acted with deliberate indifference to his medical needs, violated the ADA and Equal Protection clause of the 14th Amendment because he won't order a double portion of food and Flexeril. Exhibit "A", paragraph 28.

III.    LEGAL ISSUES

1.      Whether Talbert exhausted his Administrative remedies and is able to file a complaint?   Suggested Answer: No, he has not.

2.      Whether the Amended Complaint fails to state a cause of action against based on deliberate indifference to a serious medical need? Suggested Answer: Yes

---

[1] Dr. Voorstad present as statement of facts, the allegations in the Amended Complaint since the Court for purposes of the Motion to Dismiss must accept any of the factual allegations presented as true to the extent that they meet the requirements of Federal Rule of Civil Procedure 8 as interpreted by the Supreme Court of the United States in Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009).  Dr. Voorstad reserves the right to contest any of the averments in the Amended Complaint if the Court denies his Motion to Dismiss.

3.      Whether the Americans With Disability Act is applicable in this case to Dr. Voorstad? Suggested Answer: No.

4.      Whether the Equal Protection Clause is applicable to Dr. Voorstad in this case. Suggested Answer: No.

IV.    <u>ARGUMENT</u>

A.    Standard To Be Utilized In Determining Whether To Grant A Motion To Dismiss A Complaint.

In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (U.S. 2009) the Supreme Court of the United States stated that its discussion of pleading requirements for a complaint in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) applies to all civil actions filed in the United States District Court.  The Supreme Court set forth a further explanation of its approach to pleading a cause of action pursuant to Federal Rule of Civil Procedure 8.  The Court indicated:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we  "are not bound to accept as true a legal conclusion couched as a factual allegation". Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss

<u>Id</u>.  (slip opinion pages 14-15).

According to the Supreme Court,

> Determining whether a complaint states a plausible claim
> for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense.
> (citation omitted).

Ashcroft, supra. slip opinion 15).

The Court indicated that when the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief.  Ashcroft, supra, slip opinion 15.

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) the United States Court of Appeals for the Third Circuit for the first time dealt with how to apply the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009) to a motion to dismiss a complaint.

The United States Court of Appeals for the Third Circuit began its consideration of the motion for dismissal for failure to state a claim with an extensive discussion of the recent changes in pleading standards.  The Court of Appeals observed that after Iqbal:

> ...it is clear that conclusory or 'bare bone' allegations
> will no longer survive a motion to dismiss.  'Threadbare'
> recitals of the elements of a cause of action, supported by
> mere conclusory statements, do not suffice.

According to the Court of Appeals, in order to prevent dismissal all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.  This then allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The key, according to the

4

Court of Appeals, is that the complaint must show that the allegations are plausible.

The Court of Appeals provided specific instructions to this Court as to the standard for consideration of a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

The Court must then:

> ...determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'.

In determining plausibility the Court should consider the claim in context and draw on its judicial experience and common sense.

An examination of the Complaint establishes that Talbert has failed to meet the plausibility standard of Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009).

In addition, Talbert has not exhausted his administrative remedies. That portion of this Motion can be treated as a Motion for Summary Judgment because the verification of Keri Moore, Assistant Chief of the Secretary's Office Of Grievances and Appeals is attached hereto as Exhibit "B".

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). A factual dispute is material if it might affect the outcome of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine only if there is a sufficient evidentiary basis as would

5

allow a reasonable fact-finder to return a verdict for the non-moving party. See

Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993). Here

because no claim can go forward the action must be dismissed.

     B.    Failure to Exhaust Administrative Remedies

     Talbert did not exhaust his administrative remedies concerning Dr.

Voorstad.  Therefore, the action must be dismissed. This critical failure cannot be

corrected.  The Congress of the United States has required expressly and with no

exception that any inmate who wishes to pursue a cause of action based on any

federal law or the United States Constitution must exhaust all administrative

remedies before filing suit.  See 42 U.S.C. §1997e(a).  That statute provides in

relevant part:

> No action shall be brought with respect to prison
> conditions under §1979 of the Revised Statutes of the
> United States (42 U.S.C. §1983), or any other Federal
> Law, by a prisoner confined in any jail, prison or other
> correctional facility until such administrative remedies as
> are available are exhausted.

     Talbert never filed a grievance against Dr. Voorstad that went for final

review.  Keri Moore ("Moore"), works as the Department of Corrections

Grievance Director, has submitted a Verification which is attached as Exhibit "B".

Moore is the Assistant Chief of the Secretary's Office Of Grievances and Appeals.

Moore indicates that the DOC has a grievance policy DC-ADM-804 and attached

a copy as Attachment A.  Moore describes the three tiered grievance process that

serves as an inmates administrative remedy. The grievance process is not

completed until there is a final appeal to the Secretary's Office of Inmate

Grievances and Appeals ("SOIGA"). Exhibit "B".

Moore reviewed Talbert's grievance history and attached a copy of said history as Attachment B. Moore confirmed that no grievances were filed that were ever appealed to SOIGA for final review involving Dr. Voorstad. Exhibit "B" and Attachment B.

The grievance history confirms that Talbert never filed a grievance that went to final review concerning any medical care against Dr. Voorstad. Exhibit "B" and Attachment B.

The Supreme Court of the United States in <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006) held that "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure in the course of its proceedings".

Talbert has not exhausted his Administrative remedies.  Therefore, all claims against Dr. Voorstad  must be dismissed. This is not an error which can be corrected with filing another complaint. He didn't exhaust his available remedies and nothing can change that fact.

C.    <u>Alleged Deliberate Indifference.</u>

In order to state a cause of action pursuant to 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution, Talbert must plead deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The United States Supreme Court has defined the deliberate indifference standard in its

opinion in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).  According to the Supreme

Court, deliberate indifference requires a showing that prison medical staff were

"subjectively" aware of a substantial risk of harm to the prisoner.  Justice Souter,

writing for the Court, stated:

> We reject [the] invitation to adopt an objective test for
> deliberate indifference.  We hold...that a prison official
> cannot be found liable under the Eighth Amendment for
> denying an inmate humane conditions of confinement
> unless the official knows of and disregards an excessive
> risk to inmate health or safety...<u>The official must both be
> aware of facts from which the inference can be drawn that
> a substantial risk of serious harm exists, and he must also
> draw e inference</u>.

511 U.S. at 837. (Emphasis added).

No such factual averments appear in Talbert's Amended Complaint showing

deliberate indifference, if believed.  Exhibit "A".  Instead, Talbert presents, at best,

a disagreement with the care provided. Dr. Voorstad has determined that Talbert

does not need double portions of food or Flexeril. A copy of Dr. Voorstad's

Verification is attached as Exhibit "C".

The Courts have uniformly held, when considering a difference of opinion as

to treatment, that this type of conduct constitutes, at best, negligence not the

deliberate indifference required by 42 U.S.C.§1983.  Negligence does not support a

claim pursuant to that statute.  It fails to rise to the level of deliberate indifference

violating the Eighth Amendment. <u>Snipes v. DeTella</u>, 95 F.3d 586, 590 (7th Cir.

1996) cert. den., 519 U.S. 1126 (1997)(disagreement in treatment alone will not

support a constitutional violation); see <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir.

1989)(a difference of opinion between an inmate and a physician or between physicians does not give rise to an Eighth Amendment violation).

Dr. Voorstad has the benefit of a presumption of validity. The United States Court of Appeals for the Third Circuit has accepted the view that the actions of prison doctors and physician assistants have a presumption of validity. To overcome that presumption Talbert must plead factual averments that the conduct of Dr. Voorstad constituted such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base a decision on such a judgment. White v. Napolean, 897 F.2d 103, 113 (3d Cir. 1990).

Here, no factual averments appear to permit Talbert to overcome that presumption of validity. No factual averments appear, if proven, to establish that Dr. Voorstad knew that his conduct presented a substantial risk of harm to Talbert and that he acted or failed to act anyway.

In addition, to plead deliberate indifference, Talbert must allege averments which meet the plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662 (2009) as it relates to causation. He must show that the conduct of Dr. Voorstad constituted the "but for" cause of his injury. He must show that the alleged unconstitutional conduct of Dr. Voorstad caused his injury by itself and independent of any other conduct. This he cannot do.

Dr. Voorstad must be the "but for" the cause of his injury. Walthour v. Tennis, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9, 2009) (Vanaskie, J.);

Texter v. Merlina, 2008 U.S. Dist. LEXIS 14442 (M.D. Pa. Feb. 26, 2008)(Conner, J.).

Talbert's claims of receiving delayed treatment must also be dismissed. In Williams v. Kort, 223 Fed. Appx. 95 (3d Cir. 2007) (non-precedential), the Court found that an 11 month delay in treatment failed to constitute deliberate indifference. There the inmate plaintiff contended that the defendants intentionally caused him unnecessary pain by canceling his scheduled knee surgery and continuing courses of treatment that they knew were ineffective. Williams complained that Dr. Kort told him he would order an MRI and refer Williams to a specialist if his injury did not improve, but Dr. Kort never did. After his transfer to another facility Williams received an MRI which revealed that he had a bilateral meniscus tear requiring surgery. Medical records during the 11 month delay indicated that Williams was at least on some occasions feeling well, finding the pain to be improving, and moving without discomfort. Dr. Kort accordingly determined that an MRI and referral to an orthopedic specialist would not be necessary. The Court concluded that Dr. Kort's treatment decisions were not constitutionally deficient. 223 Fed. Appx. at 100-101, citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990)(as long as physician exercises professional judgment, physician's behavior will not violate prisoner's constitutional rights).

In Whooten v. Bussanich, 248 Fed. Appx. 324, 327 (3d Cir. 2007)(non precedential), the Court rejected claims of deliberate indifference predicated upon allegations of delayed care and failure to follow a specialist's recommendations.

The inmate contended that Dr. Bussanich delayed referring him to a neurologist for treatment of his cluster headaches, refused to follow the treatment plan recommended by that neurologist, and refused to prescribe effective medications. The Court found that the delay in referring the plaintiff inmate to a specialist arose out of a conflict between the inmate and his prison doctor concerning the particular medication for his cluster headaches. Whooten desired treatment with Nubain to relieve his headache pain. Dr. Bussanich  refused Nubain and sought to treat with another medication because of the inmate's past drug addiction. The Court concluded that whether the doctor's reasons justify his medical decision is a question of negligence, not deliberate indifference. A dispute between the doctor and inmate concerning the appropriate medication does not indicate that necessary medical treatment was delayed for non-medical reasons. See also Bramson v. Sulayman, 251 Fed. Appx. 84 (3d Cir. 2007) (Delaying outside consultation until inmates' heart condition turns "critical" not deliberate indifference).

Failure to diagnose by a prison physician fails to constitute deliberate indifference to a serious medical need. In Estelle v. Gamble, 429 U.S. 97 (1976) the Supreme Court of the United States held that the failure to diagnose by means of x-rays constituted, at best, negligence not deliberate indifference. The late Judge Shapiro utilized the same analysis in Campbell v. Sacred Heart Hospital, 496 F.Supp. 692, 694-95 (E.D. Pa. 1980) Judge Shapiro concluded that the defendants actually stopped trying to diagnose the plaintiff, demonstrated ordinary medical malpractice and not deliberate indifference required to support a §1983 claim.

The analysis of those courts apply here and requires the dismissal of any alleged §1983 claim against Dr. Voorstad.

D.     <u>Americans with Disability</u>

The Amended Complaint contains allegations of violation of the Americans With Disability Act ("ADA"). Exhibit "A", paragraph 28.

The ADA provides, in relevant part:

> Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

Title II of the ADA prohibits public entities from denying services or otherwise discriminating against individuals on the basis of disability. 42 U.S.C. § 12132. Likewise, Title III prohibits places of public accommodation from discriminating against individuals or denying them "goods, services, facilities, privileges, advantages, or accommodations" on such basis. § 12132(a).

In order to present a successful claim under the ADA a plaintiff must prove (1) he is a qualified individual, (2) he has a disability, (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by such entity; and (4) that such denial or discrimination was by reason of his disability. <u>Bowers v. NCAA</u>, 475 F.3d 524, 553 n. 32 (3d Cir. 2007).

Talbert has made a claim under the Americans with Disabilities Act, 42

U.S.C. §12101 et seq. ("ADA") based on not getting double portions of food and Flexeril.  Dr. Voorstad is  not a government agency but an individual. It is not a public entity.

Talbert's allegations are insufficient to state a claim under the ADA against Dr. Voorrstad. First, Dr. Voorstad is not a government agency or public entity. Second, providing inadequate medical care, even if related to a disability and even if such conduct amounts to negligence, is not actionable discrimination under the ADA. See Iseley v. Beard, 200 F. App'x 137, 142 (3d Cir. 2006) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)). "The ADA prohibits disability-based discrimination, not inadequate treatment for the disability."  Kokinda v. Pennsylvania Dep't of Corr., 663 F. App'x 156, 159 (3d Cir. 2016).

Plaintiff failed to provide any evidence whatsoever to satisfy the fourth element that such denial or discrimination was "by reason of his disability." Brown v. Deparlos, 492 F. App'x 211, 215 (3d Cir. 2012) (affirming dismissal of claim under ADA where plaintiff's complaint "merely asserts that defendants violated the ADA and fails to allege any facts that demonstrate that the alleged inadequate or improper medical care he received was because of a disability.").

Allegations that "Defendants acted with malice against Plaintiff based on his having a disability" is conclusory and unsupported by specific factual allegations from which a plausible inference of discriminatory animus can be drawn. See, e.g., Mitchell v. Walters, No. 2:10-cv-1061, 2010 WL 3614210, at *6 (D.N.J. Sept. 8, 2010) (holding that, to survive a motion to dismiss, a claim of discrimination must

be based on more than "suspicion, speculation and conclusory assertions").

Likewise, any conclusory allegation such as that Dr. Voorstad  had "a pattern and practice" of denying medical care to inmates with disabilities does not give rise to a plausible inference of discrimination as it is unsupported by any specific examples of similar conduct that would suggest such a pattern or practice. See, e.g., Mitchell, 2010 WL 3614210, at *6 (finding allegations set out in complaint insufficient to give rise to a plausible claim of discrimination on the basis of race or disability where the complaint "set forth no facts, which taken as true, could establish that Defendants acted with discriminatory intent," such as an allegation that the plaintiff "was treated differently from [other similarly situated persons] who were not African American or not disabled, or that Defendants made remarks revealing a race-based animosity").

E.      Talbert Has Failed to Plead Sufficient Factual Averments to Establish a Cause of Action Against Dr. Voorstad based on Equal Protection

Talbert contends that Dr.Voorstad denied him treatment that other similarly situation inmates receive. Exhibit "A", paragraph 28.

Talbert doe not provide any facts to support such a claim. To state a claim for denial of equal protection under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983, Talbert must allege that he belongs to a protected class similarly situated to members of an unprotected class and treated differently from the unprotected class. Pollack v. City of Philadelphia, No. 06-4089, 2007 U.S. Dist. LEXIS 11624, at *4 (E.D.Pa. Feb. 16, 2007) (citing

Young v. New Sewickley Township, 160 Fed.Appx. 263, 266 (3d Cir.2005)). Next, Talbert must show that Dr. Voorstad treated him differently from other similarly situated inmates and that there was no rational basis for the difference in treatment. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Mere allegations of mistreatment without identification of similarly situated individuals who were treated differently will not support an equal protection claim. Conklin v. Warrington Township, 2008 U.S. Dist. LEXIS 94680, *15 (M.D. Pa. Nov. 20, 2008).

In Pollack v. City of Philadelphia, supra, the Court dismissed the plaintiff's equal protection claim despite his allegation of racial harassment because he failed to allege that he received treatment different from that given to other individuals when alleging the existence of similarly situated individuals. Pursuant to Young v. New Sewickley Township, 160 F. Appx. 263, 266 (3d Cir. 2005)(non precedential), cited by the Court in Pollack, a plaintiff "cannot use allegations ... that amount to nothing more than 'conclusory boilerplate language' to show that he may be entitled to relief" and "bald assertion[s] that other[s]... were treated in a dissimilar manner" will not survive dismissal. Young, supra, 160 F. Appx. at 266. Instead, the plaintiff must allege occasions or circumstances to show different treatment. Id.

Talbert has failed to meet this standard. He does not allege similarly situated individuals were treated differently than him except in a broad general averment. He makes no mention of any specific situation in which someone in a different class received better treatment. He alleges no facts which support a lack of rational basis

for the difference in treatment. He does not allege that Dr. Voorstad discriminated against him intentionally.

V.    <u>CONCLUSION</u>

In the light of the foregoing, Defendant, Theodor Voorstad, MD, respectfully requests that their Motion to Dismiss the Amended Complaint be granted for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

GOLD & FERRANTE, PC

BY:   <u>/S/ ALEXANDER R. FERRANTE</u>
ALEXANDER R. FERRANTE
Attorney for Defendant,
Theodor Voorstad, MD

716 N. Bethlehem Pike, St. 208
Lower Gwynedd, PA 19002
(215)885-1118
email: <u>arf@goldferrantelaw.com</u>

16

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have sent a true and correct copy of Defendant, Theodor Voorstad, MD's Brief in support of his Motion to Dismiss the Amended Complaint via First Class Regular Mail and ECF Filing (where noted below) on this date to the following individuals:

Smart Communications/PA DOC
Charles Talbert, QA-4727
SCI-Camp Hill
PO Box 33028
St. Petersburg, Florida 33733
US First Class Regular Mail


                                          /s/ Alexander R. Ferrante
                                          ALEXANDER R. FERRANTE

DATE:          January 28, 2021